UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MGM RESORTS INTERNATIONAL,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL TRADE COMMISSION, et al.,<br><br>Defendants. | Civil Action No. 24-1066 (JDB) |

**DEFENDANTS' OPPOSITION TO
MGM'S MOTION FOR LEAVE TO FILE A SURREPLY**

The Federal Trade Commission ("Commission") opposes MGM Resorts International's ("MGM's") motion for leave to file a surreply ("Pl.'s Mot.," ECF No. 21). The motion fails to meet the required standard because it is based on the incorrect premise that the Commission's reply brief in support of its motion to dismiss contained a new argument.

"Surreplies are generally disfavored." *Hall v. Dep't of Lab.*, No. 18-5100, 2018 WL 5919255, at *1 (D.C. Cir. Nov. 1, 2018). They are permitted only "when a party is 'unable to contest matters presented to the court for the first time' in the last scheduled pleading." *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003) (quoting *Lewis v. Rumsfeld,* 154 F.Supp.2d 56, 61 (D.D.C. 2001)). No such circumstance exists here.

MGM erroneously claims that the Commission, in its Reply brief, "argue[d] for the first time that the [enforcement proceeding pending in the U.S. District Court for the District of Nevada], itself, is an adequate forum to hear MGM's constitutional claims," and that absent leave to file its sur-reply, "MGM will have no other opportunity to address this [argument]." Pl.'s Mot. ¶ 4. The Commission, in fact, advanced this argument (repeatedly) in its motion to dismiss, and MGM acknowledged it—and responded to it—it in its own opposition to that motion.

For example, in the introduction of the Commission's Memorandum in Support of Defendants' Motion to Dismiss (ECF No. 15) (hereinafter, "Defs.' Mot."), the Commission explained that "MGM may raise its claims only in a court of appeals following a final Commission cease and desist order, or in the Commission's enforcement petition currently before the U.S. District Court for the District of Nevada." Defs.' Mot. at 1. The Commission argued that "MGM has a full opportunity to assert its claims and defenses in that enforcement petition." *Id*. at 3.

Likewise, in arguing that all of MGM's claims in this case fall within the statutory review scheme that Congress set forth in the Federal Trade Commission Act, the Commission explained that—"should the Commission proceed with an administrative enforcement proceeding against MGM (or with a court action, as it already has done in the enforcement petition now pending in Nevada), and should MGM not prevail in such action—MGM can raise all of its due process claims before the court of appeals reviewing such action." Defs.' Mot. at 13. MGM's claim that this argument pertained to only the court of appeals but not the Nevada district court hearing the enforcement action, *see* Pl.'s Mot. ¶ 4, contravenes basic appellate rules. "It is well settled that issues and legal theories not asserted at the District Court level ordinarily will not be heard on appeal." *Huron v. Cobert*, 809 F.3d 1274, 1280 (D.C. Cir. 2016); *accord Apprio, Inc. v. Zaccari*, 104 F.4th 897, 910 (D.C. Cir. 2024). The Commission's jurisdictional argument pertained to both district and appellate proceedings because, unless MGM raises its constitutional arguments in the district court first, the court of appeals will lack the power to review those arguments. Indeed, the Commission has argued that "MGM's claims are the mirror image of (and constitute anticipatory defenses to) the Commission's enforcement petition, which is now pending in the District of Nevada." Defs.' Mot. at 13-14.

The Commission also argued in its motion to dismiss—in the context of refuting that MGM has a cause of action under the Administrative Procedure Act ("APA")—that MGM cannot show

2

it has "no other adequate remedy in a court," 5 U.S.C. § 704, because the enforcement proceeding in the District of Nevada provided MGM with an adequate forum for its due process claims. Defs.' Mot. at 20. The Commission explained that "MGM's ready opportunity for a court hearing in the enforcement petition fully 'satisfies the requirements of due process'." *Id.* (quoting *Ewing v. Mytinger & Casselberry, Inc.*, 339 U.S. 594, 598 (1950)).

Likewise, in explaining that declaratory relief is inappropriate in this case, because "the same issue is pending in litigation elsewhere," *Morgan Drexen, Inc. v. Consumer Fin. Prot. Bureau*, 785 F.3d 684, 694 (D.C. Cir. 2015), the Commission repeatedly argued that "MGM's claims and arguments can all be raised in the Commission's enforcement petition pending in the District of Nevada." Defs.' Mot. at 29. *See also id.* at 30 ("in the pending enforcement petition, MGM can raise the same [Fifth Amendment] constitutional argument as an affirmative defense to complying with the Demand"); *id.* at 31 (the District of Nevada proceeding "affords MGM a full opportunity to air its views because MGM 'will be able to raise' in that action 'the same argument it has pursued in this action'" (quoting *Swish Mktg., Inc. v. FTC*, 669 F. Supp. 2d 72, 80 (D.D.C. 2009))).

Finally, lest any doubts linger, MGM's own statements definitively show that the argument concerning the review of MGM's due process claims in the District of Nevada was raised in the Commission's motion to dismiss and was not a new argument in the Reply. In MGM's opposition to the motion to dismiss (ECF No. 17, "Pl.'s Opp'n"), MGM expressly acknowledged that "[t]he Commission assert[ed] repeatedly that MGM can vindicate its constitutional rights through the summary CID enforcement action the Commission filed in Nevada." Pl.'s Opp'n at 37 n.9. Indeed, MGM responded to the Commission's argument, by claiming (wrongly) that the Nevada proceeding "sharply limits MGM's ability to defend itself." *Id*. This is the same flawed claim that MGM now seeks to advance in its proposed surreply. *See* Pl.'s Mot. Ex. A (ECF No. 21-1) at 3-4.

3

As the Commission explained in its Reply, the Nevada proceeding provides adequate procedural safeguards and in fact "MGM has in the Nevada enforcement action a readily available proceeding in which to raise all its claims." Defs.' Reply at 23.

In sum, the Commission repeatedly argued in its motion to dismiss that MGM's claims in this case belong in the enforcement action in Nevada, and MGM responded to that argument in its opposition. Thus, MGM's sole basis for seeking the Court's leave to file a surreply—that the Commission raised a new argument in its Reply—is meritless.

* * *

## CONCLUSION

For the reasons set forth above, MGM's motion for leave to file a sur-reply should be denied.

Dated: October 9, 2024
Washington, DC

                        Respectfully submitted,

                        MATTHEW M. GRAVES, D.C. Bar #481052
                        United States Attorney

                        BRIAN P. HUDAK
                        Chief, Civil Division

                        By:      /s/ *Brenda González Horowitz*
                            BRENDA GONZÁLEZ HOROWITZ
                            Assistant United States Attorney
                            601 D Street, NW
                            Washington, DC 20530
                            (202) 252-2512

                        *Attorneys for the United States of America*

OF COUNSEL:

Anisha Dasgupta
General Counsel

Michele Arington
Assistant General Counsel

Imad D. Abyad
Attorney

*Federal Trade Commission*